# Cook *v.* The State.

60   39
107    4

*Indictment for Burglary and Grand Larceny.*

1. *Personal presence of prisoner in court on return of verdict.*—In a case of felony, the prisoner has a right to be present in court when the jury return their verdict; which right is not waived by the failure of his counsel to object to the verdict being received in his absence, nor can it be waived by them. If the verdict is received in his absence, it is void; and the error can not be cured, after the jury have been discharged, by immediately re-assembling the jurors, examining on oath those who had left the court-room, and again receiving the verdict in the presence of the prisoner. ·

2. *Unauthorized discharge of jury.*—The discharge of the jury in a criminal case, after they have rendered their verdict, though it be inadvertently received

when the prisoner is not in court, and is therefore void in a case of felony, amounts to an acquittal.

FROM the Circuit Court of Greene.
Tried before the Hon. LUTHER R. SMITH.

The indictment in this case contained several counts, charging the prisoner with burglary and grand larceny. There was a general verdict of "guilty as charged in the indictment," and the court thereupon sentenced the defendant to imprisonment in the penitentiary for the term of two years, with an additional term to cover the costs. The circumstances connected with the rendition of the verdict, as stated in the opinion of the court, are copied from the judgment-entry. There is no bill of exceptions in the record.

COLEMAN & McQUEEN, for the prisoner, cited *The State v. Hughes,* 2 Ala. 102; *Sperry v. Commonwealth,* 9 Leigh, 623.

JOHN W. A. SANFORD, Attorney-General, for the State, cited *Brister v. The State,* 26 Ala. 107.

MANNING, J.—The offense with which defendant was charged by the indictment in this cause, is a felony according to section 4095 (3541) of the Code of 1876, because punishable by imprisonment in the penitentiary. In such a case, the defendant is entitled, as a right, to be present at the rendering of the verdict; and if rendered against him during his absence, it is void.—*The State v. Hughes,* 2 Ala. 102; *Sperry v. The Commonwealth,* 9 Leigh, (Va.) 623; *S. C.,* 2 Lead. Cr. Cases, 449.

The record recites that, "upon returning their verdict" [guilty as charged in the indictment] "into court, the jury came in, and handed the clerk the verdict, which was read out in open court, in the absence of the defendant, and the jury discharged. Two of the jurors had left the court-room, all of the others remaining therein, when the court discovered the defendant was not present; whereupon, the court had the jury called together again, within five minutes after they had been first discharged. The two jurors who had left the court-room were sworn, and stated, on oath, that they had had no conversation with any one in regard to the case. The defendant, who had been sent for, was then brought into court. The court then handed the indictment back to the jury, and asked them if that was their verdict; and they replied, that it was. The defendant protested and objected to this action of the court; which protest and objection were overruled, and the verdict was again received and read

by the court; to which the defendant excepted. The counsel
for defendant were present in court when the jury first
brought their verdict into court, and did not object to its
being received by the court, until after the jury were first
discharged." Defendant was then in the custody of the
sheriff.

It was not within the authority of prisoner's counsel to
waive for him his right to be present when the verdict was
delivered.— *Waller v. The State*, 40 Ala. 333; *Young v. The
State*, 39 Ala. 358; *Sperry v. Commonwealth, supra; Eliza v.
The State*, 39 Ala. 694. And if it were, no consent to such a
waiver appears by the record.

It seems to have been supposed, that if there was error
in receiving the verdict under the circumstances, it was not
beyond correction; and therefore the persons of whom the
jury was composed, were reassembled about five minutes
after they had been discharged; and two of them having
been out of the court-room, they were sworn, and under
oath declared that they had not conversed with any one in
regard to the case. But, if the jury could then be reconsti-
tuted, to render a verdict which was the result of former
deliberations, why should not the other ten jurors have been
also examined under oath, as their companions were? They
also could have communicated about the case with persons
in the court-house, during the same five minutes after they
were discharged; and it was quite as necessary that they
should have been purged on this subject, as that the two
should be. We think there was no virtue in such an interro-
gation of any of them.

In *Regina v. Vodden* (6 Cox, C. C. 226; 22 Eng. L. & Eq.
Rep. 596; 1 Leading Crim. Cases, 547), "on the trial of a
prisoner for felony, a juryman, by mistake, delivered the
verdict 'not guilty,' when the jury meant 'guilty.' The pris-
oner was discharged from the dock; but, some of the jury
then interposing, he was immediately brought back again,
and the jury was again asked what their verdict was. They
said 'guilty;' the prisoner was therefore sentenced." *Held*,
that the original mistake was corrected within a reasonable
time, and the conviction was right. But there it was the
prisoner, not the jury, that was discharged; and this was
supposed to have been done in accordance with the verdict.
But that error was immediately corrected before any
injustice could have been thereby committed. The jury was
still in their place, and acting under the sanction of an oath
from which they had not been discharged.

In *Brister et al. v. The State* (26 Ala. 108), when the jury
returned into court with their verdict, some of the prisoners

were in the jail; and, without observing this, the verdict was received and read aloud; and the jury, being told by the judge that they were discharged, started out of the court-room, "but had not got out of the bar," before it was discovered that the prisoners were not present. Whereupon the court immediately informed the jury that they were not discharged; ordered the clerk to hand the papers back to the jury, and had the absent prisoners brought into court. The prisoners objected to the receiving of the verdict then, upon the ground that it had been received and read aloud in their absence, and they had been deprived of their right to have the jury polled. This court denied the validity of the objection, and held that there was no error in this action of the Circuit Court.

We are of opinion that our rulings on this subject should not be extended further in that direction. The jury, in the present case, were discharged, and had dispersed among the audience in the court-house and persons outside. It would be a dangerous precedent, to hold that, after this, the persons who composed that jury could be reassembled as such to render a verdict in a case of which they had been thus discharged.

Let the judgment of the Circuit Court be reversed. And the jury having been discharged without a legal cause, and without rendering their verdict in a legal manner, the defendant must be released from further prosecution.