JUDGE COFER
delivered the opinion op the court.
The appellant was indicted and tried for the murder of Robert Moore, and found guilty of the crime of manslaughter, and adjudged to be confined in the penitentiary for a period of six years and four months. From that judgment he prosecutes this appeal.
We perceive no objection to the instructions given to the jury by the court. They presented, with more than ordinary brevity and perspicuity, the law of murder, manslaughter, and self-defense, and are free from subtile definitions which *770 too frequently tend to mislead and confuse rather than to enlighten the jury.
The instructions asked by the appellant and refused by the court, as far as they were correct, were embraced in those already given,- and it was not only unnecessary but would have been improper to repeat them.
One of the grounds for a new trial was, that the verdict was received in the absence of the appellant and his counsel from the court-room.
It appears from the bill of exceptions that the case was given to the jury about sunset, and the court adjourned for the day. The appellant was placed in jail, and his counsel retired to their rooms in the town. After dark the jury reported to the judge that they had agreed upon a verdict. The judge went to the court-room, and without causing the appellant to be brought in, and in the absence of his counsel, and without notice to them, the verdict was received and the jury discharged.
The Code provides that “ "While the jury are absent, the court may adjourn from time to time as to other business, but it shall be deemed open for every purpose connected with the cause submitted to the jury,’until a verdict is rendered or the jury discharged.” (Section 253.)
There was therefore no impropriety in receiving the verdict at the time stated.
But whether it was not improper to receive it without notice to appellant’s attorneys, and without affording them reasonable opportunity to be present, and especially without the presence of the appellant, is a very different and much more important question.
The bill of rights declares “ That in all criminal prosecutions the accused hath a right to be heard by himself and counsel.” The right to be heard by himself and counsel necessarily embraces the right to be present himself and to have a reasonable *771 opportunity to have his counsel present also at every step in the progress of the trial, and to deprive him of this right is a violation of that provision of the fundamental law just quoted.
The presence of the accused is not a mere form. It is of the very essence of a criminal trial not only that the accused shall be brought face to face with' the witnesses against him, but also with his triers. He has a right to be present not only that he may see that nothing is done or omitted which tends to his prejudice, but to have the benefit of whatever influence his presence may exert in his favor. And at no time in the whole course of the trial is this right more valuable than at the final step when the jury are to pronounce that decision which is to restore him to the liberty of a citizen, or to consign him to the scaffold or to a felon’s cell in the state prison. He has a right not only to see and know that the whole jury is present assenting to the verdict, but by polling to demand face to face of each juror whether the verdict is his verdict, and to object to it unless each member of the jury shall answer for himself that the verdict is his.
The right to poll the jury in criminal causes has in this state always been deemed an essential part of the right of trial by jury. It is guaranteed by both the constitution and the statute, and ought to be maintained and preserved by the courts as essential to the protection of the rights of the citizen.
The error in receiving the verdict during the enforced absence of the appellant is not of the- same class with those errors this court refused to consider in Kennedy v. Commonwealth, ante p. 340, and Frazier v. Commonwealth, MS. opinion, September Term, 1878.
The errors complained of in those cases, if committed at all, were committed in overruling the motion for a new trial. Until then the court had not passed upon the questions or been called upon to do so, and was ignorant of the alleged facts which were complained of as depriving the accused of the *772 benefit of a fair trial. In this case the error was committed during the progress of the trial. The court knew the appellant was in custody, and it was the duty of the court to have him present when the verdict was received, and, in view of the time and circumstances, to have caused notice to be given to his counsel that they might have an opportunity to be present.
Wherefore the judgment is reversed, and the cause remanded for further proper proceedings.