CASE 84—INDICTMENT—FEBRUARY 2.

# Allen v. Commonwealth.

### APPEAL FROM BARREN CIRCUIT COURT.

1. PRACTICE—SUBMISSION IN ABSENCE OF ACCUSED.—In cases of felony,. the accused has the *right* to be present, and must be present, during the whole of the trial and until the final judgment.

   In this case it was error in the absence of the accused to submit the case to the jury to consider of their verdict, and unless it affirmatively appears from a record that such an error was not prejudicial, there should be a reversal, but as the judgment in this case must be reversed for another error, it is not necessary to determine whether it. appears that this error was not prejudicial.

2. INSTRUCTIONS MUST BE BASED UPON THE EVIDENCE, and it is error to instruct the jury as to their duty in the event they find a certain state of facts, the existence of which the evidence does not tend to show.. It was, therefore, error in this case to instruct the jury that the defendant had no right to act in self-defense if he brought on the difficulty, unless he had, in good faith, abandoned it, there being no testimony tending to show that he did or said any thing with the intention of provoking a difficulty, or which made the conduct of the deceased excusable. The mere fact that the accused went to where the deceased was, explained as it was by the circumstances, and what he then and there said, did not authorize the qualification of the instruction.

3. SELF-DEFENSE.—One cannot be deprived of the benefit of the plea of self-defense, because words innocently spoken by him or in jest, or some act not calculated or intended to do so, may have contributed to bring on the difficulty. It is, therefore, error to instruct a jury that. if the defendant "brought on" the difficulty, he can not rely upon the plea of self-defense, because the language is too general.

4. SAME—INSTRUCTION.—It is error to instruct a jury that the defendant. can not rely upon the plea of self-defense if they "believe, from the evidence," that certain facts existed. They should be required to believe, "to the exclusion of a reasonable doubt," that such facts existed.

LEWIS McQUOWN FOR APPELLANT.

1. The accused in a felony case is entitled to be present during the whole trial. (Cooley's Const. Limit., 319; Sperry v. Commonwealth, 9. Leigh, 623; State v. Hughes, 2 Ala., 102; Sneed v. State, 5 Ark., 431; Criminal Code, secs. 183, 245, 247, 248.)

2. The instructions as to self-defense were erroneous. One engaged in
committing an offense against another does not thereby lose his right
of self-defense any further than the law authorizes the injured person
to make defense. (Terrell v. Commonwealth, 13 Bush, 257; Minton
v. Commonwealth, 79 Ky., 461; 2 Bishop's Criminal Law, 571.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The proof in the case authorized the instructions given. If the defend-
ant intentionally provoked the difficulty, and thereby produced the
necessity for taking the life of the deceased, he cannot plead the ne-
cessity in justification of himself unless he, in good faith, abandoned
his purpose.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is a conviction for manslaughter.

At the close of the argument to the jury, they were
properly put under the charge of an officer, the ac-
cused being] remanded to jail, and the court then
adjourned for dinner. Upon assembling again, but in
the absence of the accused, he being then in jail, the
case was finally submitted to the jury, and they, under
the charge of an officer, were sent to their room to
consider of their verdict.

It is a rule of the common law that the trial of one
charged with felony must be had in his presence.

In Sperry's case, 9 Leigh, 623, it was said: "The
well established practice in England, and in this State,
is, that a prisoner accused of felony must be arraigned
in person, and must plead in person; and in *all* the
subsequent proceedings, it is required that he shall
appear in person."

This is his right. Judge Cooley says: "In cases of
felony, where the prisoner's life or liberty is in peril,
he has *the right* to be present, and must be present,
during *the whole* of the trial, and until the final judg-
ment. If he be absent, either in prison or by escape,

there is a want of jurisdiction over the person, and the court cannot proceed with the trial, or receive the verdict, or pronounce the final judgment." (Cooley's Const. Limitations, p. 319.)

Section 12 of our Bill of Rights provides, "that in all criminal prosecutions, the accused hath a right to be heard by *himself* and counsel;" and in the case of Temple v. Commonwealth, 14 Bush, 769, it was properly said: " The right to be heard by himself and counsel necessarily embraces the right to be present himself, and to have a reasonable opportunity to have his counsel present also, at *every step* in the progress of the trial, and to deprive him of this right is a violation of that provision of the fundamental law."

In the case last cited a judgment of conviction was reversed because the verdict was received in the absence of the accused, and when he was in jail.

The Constitution of Alabama contains a like provision ; and in the case of the State v. Hughes, 2 Ala., 102, a judgment based upon a verdict similarly received was reversed. The same result followed from a like cause in The People v. Perkins, 1 Wend., 91.

In Meece v. The Commonwealth, 78 Ky., 586, it was held that instructions to the jury in a felony case should not be given or modified in the absence of the defendant, because he has a right to be present at every step taken in his case. This rule is well-founded. The life or liberty of the accused is in peril. He has the right to see that nothing is done or omitted to his prejudice ; and his presence may exert an influence in his favor with his triers. If so, he is entitled to the benefit of it.

Let us now see if the reason for the rule applies to the case in hand.

When the jury are brought into court they should be called, so that it may be known that all, and only those selected, are upon it. The accused has a right to know that those who retire to the jury room to settle his fate are the same persons whom he has selected as his triers.

The Criminal Code, by section 183, provides that the defendant must be present "*during* the trial" of a felony. This is but declaratory of the common law. The trial begins with the swearing of the jury, and ends when the verdict is rendered. Every step taken in the interim is a part of the trial. Submitting the case to the jury, and sending them to their room, is, therefore, a part of it, and should not be done in the absence of the accused. In addition to the reason already suggested, the Criminal Code provides by section 245 for the selection and swearing of an officer to take charge of them. He is the only person who has access to them; he is in authority; and if dishonest, might inflict great injury upon the defendant by influencing them against him. The latter has the right, therefore, to know who he is, and to object to him if unfit from bias or any other cause. The ground of objection may, and is likely to be known only to the accused. He has also a right to see that he is sworn as required by law.

Again, it is the duty of the court to deliver to the jury, when they retire to consider of their verdict, the indictment and the instructions; and by section 248 of the Criminal Code, "the jury may take with them all

papers and other things which have been received as evidence in the cause." The defendant has a right to see that the proper papers, and no others, are given to them. In this instance his enforced absence prevented the exercise of these rights. He was entitled to them not *ex gratia curiae*, but of right.

It is unnecessary, however, to decide whether, upon a view of the entire record in this case, the judgment should be reversed for the error indicated, because this must be done upon another ground.

The right of the accused to appeal is altogether statutory; hence, in giving it, the Legislature may impose such terms as it sees proper; and it has chosen to say that if, upon the entire record, it appears that the accused has not been prejudiced by the error, then it cannot avail him. It is manifest, however, for various reasons, that the action of the court which we have been discussing was improper, because of the defendant's absence at the time; and unless it affirmatively appears from a record that the accused was in nowise prejudiced by such an error, a reversal would result.

The third instruction given to the jury reads as follows: "If at the time of the shooting the defendant believed, and had good grounds to believe, that he was then in danger, or apparent danger, of losing his life, or receiving serious bodily harm at the hands of John Miller, he had the right to rid himself of such danger by the use of any means then in his possession, even to the shooting of Miller, *unless they shall believe from the evidence that defendant brought on the difficulty in which Miller was shot, and in that*

*event he (defendant) could not avail himself of the plea of self-defense, or apparent necessity, until he in good faith abandoned the difficulty.*"

Instructions must be given to suit the facts proven.

As this case must be tried again, it is proper for us not to discuss the testimony in detail. It is sufficient to say that the evidence upon the trial already had did not warrant the qualification above italicised of the instruction as to self-defense.

The mere fact that the accused went to where the deceased was, explained as it was by the circumstances and testimony, and what he then and there said to the deceased, as detailed by those present, did not authorize it. Upon the evidence introduced the single question should, by proper instructions, have been submitted to the jury, whether or not the shooting was done in self-defense.

If, however, the testimony had authorized it, yet the qualification as given was improper. The jury were told in the broadest language that the accused could not rely upon the plea of self-defense if he "*brought on*" the difficulty. This gave them too much latitude. It left out of view any intention upon the part of the accused, and authorized them to find, for instance, that he had "brought on" the difficulty by merely going to where the deceased was, or opening a conversation with him. Guided by such an instruction, a jury might infer that a defendant had "brought on" a difficulty by a mere idle word, or one spoken in jest, and without any intention of injuring the other party. Moreover, it only required them to "believe from the evidence" that the accused brought

it on; they were left to act upon a preponderance of testimony, and could find that he did so without believing it to the exclusion of a reasonable doubt, although it was a matter upon which his guilt or innocence in a certain state of case depended.

It is true some writers, in general terms, say that if an accused "provokes the difficulty," he thereby divests himself of the right to say that he acted in self-defense. Bishop says: "For he who seeks and brings on a quarrel, can not in general avail himself of his own wrong in defense." (2 Bishop on Criminal Law, section 702.)

This doctrine, generally speaking, is correct; but it is improper to say to a jury, that if the defendant "brought on" the difficulty he can not rely upon the plea of self-defense, because the language is too general, and opens altogether too wide a field for inference and supposition upon the part of the juryman.

If, however, one by his own wrongful act makes the harm or danger to himself necessary or excusable in the person who is inflicting or about to inflict it, then the former can not, upon the plea of self-defense, excuse the taking of life or the infliction of great bodily harm. Nor can he do so if he seeks the other party, not innocently but with the intention of provoking a difficulty, and does so. He must not, however, be deprived of the benefit of the plea of self-defense, because words innocently spoken by him or in jest, or some act done by him not calculated or intended to do so, and not resorted to as a shelter for intended wrong, may have contributed to bring on the difficulty.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.