### Riddle v. Commonwealth.

(Decided October 26, 1926.)

#### Appeal from McCracken Circuit Court.

1.    Criminal Law—Accused has Right to be Present at Every Stage of Trial, Beginning with Swearing of Jury and Ending with Return of Verdict (Bill of Rights, Section 11; Criminal Code of Practice, Section 183).—Bill of Rights, section 11, providing that in all criminal prosecutions accused has right to be heard by himself and counsel and to meet witnesses face to face, and Criminal Code of Practice, section 183, providing that if indictment is for felony

defendant must be present and remain in custody during trial, guarantee right of defendant to be present at every stage of trial, beginning with swearing of jury and ending with return of verdict.

2. Criminal Law—Accused, Taken to Jail when Jury Retired and Kept There Until After Verdict, was Denied Rights and Prejudiced Even Though His Attorney Polled Jury (Bill of Rights, Section 11; Criminal Code of Practice, Section 183).—Where accused was taken to jail when jury retired and kept there until after verdict, defendant was denied his constitutional and statutory rights under Bill of Rights, section 11, and Criminal Code of Practice, section 183, and prejudiced, even though his attorney polled the jury.

3. Criminal Law.—Proper method of introducing evidence of indictment and former conviction of defendant on trial for second offense, is to identify accused as person formerly convicted and introduce and read transcript and record of trial.

4. Searches and Seizures.—Affidavit for search warrant must contain statements of fact sufficient to create in mind of officer issuing warrant probable cause to believe existence of facts sought to be discovered.

5. Intoxicating Liquors.—Affidavit for search warrant, stating that affiant believed defendant was making and selling intoxicating liquors and party named gave affiant information set out in affidavit, held sufficient.

J. BELL NICHOLLS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On his trial for a second offense under the Rash-Gullion Act appellant was convicted and his punishment fixed at one year's confinement in the penitentiary.

From the uncontradicted affidavits of appellant and others, including the deputy jailer, set forth in the bill of exceptions, it appears that when the jury retired to consider its verdict the deputy jailer took appellant to the McCracken county jail, where he remained until after the verdict was returned. It is unnecessary to review the cases bearing on the question. In construing section 11, Bill of Rights, which provides that in all criminal prosecutions the accused has the right to be heard by himself and counsel, and to meet the witnesses face to face, and section 183, Criminal Code, providing that if the indictment be for a felony the defendant must be present, and shall remain in actual custody during the trial, we have consistently held that these provisions guarantee the right of the defendant to be present

at every stage of the trial, beginning with the swearing of the jury and ending with the return of the verdict. There is no merit in the contention that appellant was not prejudiced because his attorney polled the jury, for he had the right to see and know that the entire jury was assenting to the verdict by polling the jury and requiring each juror when face to face with him to state that the verdict was his verdict. Temple v. Commonwealth, 14 Bush 769; Kokas v. Commonwealth, 194 Ky. 44, 237 S. W. 1090. As appellant was denied his constitutional and statutory right, it follows that the judgment must be reversed

It would seem from the bill of exceptions that the deputy circuit court clerk, though having the order book in his possession, testified orally to the indictment and former conviction of appellant. The proper method is to identify the accused as the person formerly convicted and introduce and read to the jury the indictment and the record of the trial or conviction thereunder. Johnson v. Commonwealth, 209 Ky. 181, 272 S. W. 428. On another trial this method will be followed.

Another contention is that the affidavit for the search warrant was insufficient. The affidavit, after stating that the affiant believed and had reliable information that led him to believe that appellant was then engaged and for some time theretofore had been engaged in the manufacture, keeping for sale, selling and transporting intoxicating liquors in violation of law, concludes as follows:

> "That the source of his information and the grounds for his belief is that one Joseph Lynch, who is a citizen of this county, and well known to affiant, informed affiant on October 14th, 1925, that said Jack Riddle was selling more intoxicating liquor than anybody in Paducah, and that he kept his supply in a big coffee boiler in the hotel kitchen on the stove. This with the further fact that Jack Riddle has the reputation of being a bootlegger."

The rule is that the affidavit must contain statements of fact sufficient to create in the mind of the officer issuing the warrant probable cause to believe in the existence of the facts sought to be discovered. Caudill & McLemore v. Commonwealth, 198 Ky. 695, 249 S. W. 1005. It is true that an affidavit that merely states that the affiant

believes and has reasonable grounds to believe, or has information, that the accused is violating the prohibition law, without stating the grounds of his belief or the source of his information, is not sufficient.    Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927.    But here the affidavit goes further and gives as the source of affiant's information "one Joseph Lynch, who is a citizen of this county, and well known to affiant, informed affiant on October 14th, 1925, that said Jack Riddle was selling more intoxicating liquor than anybody in Paducah, and that he kept his supply in a big coffee boiler in the hotel kitchen on the stove."    The sufficiency of an affidavit like this was before the court in Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105, and we there held that an affidavit stating that a named individual had told affiant a short time before the affidavit was made that he had seen intoxicating liquor on the premises mentioned in the affidavit on the day the affidavit was made, stated facts sufficient to warrant the judge in finding probable cause, even though the affiant would not be competent to testify to those facts on the trial.    We therefore conclude that the affidavit was sufficient.

Judgment reversed and cause remanded for a new trial consistent with this opinion.