## Jennings v. Commonwealth.

(Decided September 30, 1927.)

### Appeal from Logan Circuit Court.

1. Elections.—Ky. Stats., sec. 1498, allowing special registration for one "who was ill during" time for regular registration, does not authorize a voter to register at a special registration on account of his illness on the regular registration day, where he was not ill

during the whole of the registration period of such general registration day; "during" being inclusive of whole time fixed.

2.  Perjury.—Defendant held guilty of false swearing where, on request for special registration by virtue of Ky. Stats., sec. 1498, he took oath that he was ill and unable to attend the place of registration on the regular registration day, although he was working near the polls and was too ill to attend registration only during the latter part of such registration day.

3.  Criminal Law.—In prosecution for defendant's false swearing as to his illness on registration day so that, by virtue of Ky. Stats., sec. 1498, he might register on the special registration day, instruction that, if the defendant was prevented from registering on account of his voluntary drunkenness, such fact would not constitute a defense to the indictment, held not prejudicial error, being unnecessary.

J. U. WADE and I. G. MASON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant was indicted charged with false swearing. He was a resident and voter in Russellville, and failed to register on the regular registration day provided by law, which was the 6th of October, 1925, and the false swearing charged against him consists in his oath by affidavit made on the 28th day of October, 1925, at the special registration before the county clerk, wherein he stated that he did not register as a voter in his precinct on the 6th day of October, 1925, because "he was ill and unable to attend the place of registration."

The facts disclosed in brief were that he was a resident of a certain precinct in Russellville, but he had been designated by some person or organization to attend and check off the names of registrants as they registered at another precinct in that city, adjoining and near to his own precinct; that he appeared at the precinct to which he had been so assigned at or about 6 o'clock in the morning and remained there until about 3 o'clock in the afternoon, and that the place of registration he so attended was only a short distance from the place of registration in his own precinct; that about 3 o'clock he left the place of registration and went to his doctor's office; that the doctor examined him and gave him some medicine that had opium in it, and that he then went to his shop or place of busi-

ness, and remained there either in a sleep or a stupor until after the registration closed at 9 o'clock that night. He admits that twice during the day, before going to see the doctor, he had taken some patent medicine which had alcohol in it, and there is evidence tending to show that before he left the place of registration he showed signs of being more or less intoxicated. The doctor says that, when he came to his office at about 3 or half past 3, he had a temperature of 101, and after prescribing for him he directed him to go home and be quiet.

The defendant states that, when he left home that morning he agreed with his wife, who was a school-teacher, that after she had finished her duties for the day they would go and register together, and claims that before that time came he was taken ill. Section 1498, Ky. Stats., provides:

> "Any person entitled to register who was necessarily absent from the city of his residence during the days allowed for registration here, *or who was ill during said time,*"

—may thereafter have his name placed upon the register for his precinct by attending the county clerk's office at the time fixed in the statute and making affidavit showing his right to vote, and showing the absence or sickness referred to in the statute. Obviously the words "or who was ill during said time" had reference to the previous words in that section, "during the day or days allowed for registration," and means the day or days allowed for registration as a unit of time, and contemplates that the illness which would enable him thereafter to register at the special registration should have continued and existed throughout the period fixed for the regular registration. Any other interpretation would enable one who had been perfectly well throughout the hours of registration and up to 8:30 o'clock at night, but who was then suddenly taken too ill to carry out his previously formed purpose to register between that and 9 o'clock, to thereafter register at the special registration. In other words, the illness "during said time" means that the illness should have existed during the period fixed by law for the regular registration. The word "during" is inclusive of the whole time fixed, and means that the illness must have existed during that whole period, in order to entitle him thereafter to register at the special registration.

Under the admitted facts, the defendant's affidavit that he was unable to attend the place of registration was false, and known by him to be so, for his own statement, discloses that, while he did not feel very well from 6 in the morning until 3 in the afternoon, he was only a short distance from his place of registration, and during those hours engaged in other activities. Section 183 of our Criminal Code provides:

"If the indictment be for a felony, the defendant must be present, and shall remain in actual custody *during the trial.*"

The words "during the trial," in that section, have often been held by this court to mean at all times during the trial, from its beginning to its end, and to include any and all proceedings had. Kokas v. Com., 194 Ky. 44, 237 S. W. 1090, and authorities there cited. It is obvious, therefore, that the word "during," when so used, is inclusive of the whole time, and does not mean in the one case that the one charged with felony shall be present at his trial at some time, or only a part of it, but the whole time, and in the other case that the applicant for special registration shall have been ill during the whole time that he might have exercised his right at the regular registration.

The first part of the second instruction told the jury that defendant had the right to attend and register during the day of the regular registration, and that, if they believed from the evidence that he failed and was prevented from attending at that time and place "by being ill during said time," then they should acquit him. The trial court had the same conception of the meaning of the statute that we have above outlined, and his instruction could have had no other meaning, for it obviously said to the jury that he must have been ill during the day of the registration, and not only a part of the time.

There was appended, however, to that instruction, in effect that, if defendant was prevented from attending the registration on the 6th of October on account of his own voluntary drunkenness or intoxication, that would not be a legal excuse for his failure to register on that date, and would not constitute a defense to this indictment. Clearly, under the evidence, this statement in the instruction was unnecessary under our view of the law as above expressed; for the evidence, without contradiction,

showed that defendant had not been drunk during a larger part of the day of registration, and had been near his place of registration during the hours that he was sober. So that this language so placed in the instruction by inference gave to defendant an opportunity to escape conviction to which he was not entitled, and could not have prejudiced his rights.

We perceive no prejudicial error in the record. Judgment affirmed.