## Boreing v. Beard et al.

(Decided October 26, 1928.)

## Appeal from Franklin Circuit Court.

1. Criminal Law.—Involuntary absence of accused at time verdict is returned, or at time any other material step is taken during trial, constitutes reversible error.
2. Criminal Law.—Under Constitution, sec. 11, and Criminal Code of Practice, secs. 183, 267, right of accused to be present when verdict is returned may be waived, and is waived by failure of accused to make such absence ground of motion for new trial.
3. Criminal Law.—Judgment on verdict returned during defendant's involuntary absence is voidable only and not void.

JOHN S. CARROLL and CARROLL & CARROLL for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, John Boreing, has been confined in the state penitentiary since February 10, 1925. On August 15, 1928, he filed a petition in the Franklin circuit court in which H. M. Beard, warden of the penitentiary, and the members of the state board of charities and corrections, were made defendants. The plaintiff asked for a mandatory injunction to require the defendants to release him from the penitentiary.

The petition alleged in substance that at the January, 1925, term of the Letcher circuit court he was tried under an indictment charging him with murder. The trial commenced on January 30 and was completed on January 31, 1925. During the trial he was in the custody of the Letcher circuit court, and when the case was submitted to the jury he was remanded to jail and the verdict was returned and received during his involuntary absence. The jury's verdict was guilty, and by it his punishment was fixed at confinement in the state penitentiary for a period of 15 years. He was thereafter brought into court and sentence pronounced upon him. It was further alleged in the petition that by reason of his involuntary absence at the time the verdict was rendered and received he was deprived of his constitutional and statutory rights and the Letcher circuit court deprived itself of its jurisdiction to proceed further

or to enter any judgment in accordance with the verdict, and that the judgment of the Letcher circuit court sentencing him to serve 15 years in the penitentiary is void and his present confinement is without authority of law. The defendants filed a special demurrer to the petition, which was sustained. From a judgment dismissing the petition, plaintiff has appealed.

The sole question presented on this appeal is: Was the judgment of the Letcher circuit court void because of appellant's involuntary absence at the time the verdict was returned, or was the reception of the verdict in his absence an error rendering the judgment only voidable?

It is conceded that if the judgment of the Letcher circuit court was only voidable the lower court properly sustained appellees' special demurrer and that Boreing is not entitled to his discharge, since the error was one that should have been corrected on appeal from the judgment of the trial court. On the other hand, if the judgment of the Letcher circuit court is void, its enforcement could be enjoined in a court other than the one in which the judgment was rendered and the lower court erred in sustaining the special demurrer. Adams Express Co. v. Bradley, 179 Ky. 238, 200 S. W. 340.

It appears that Boreing appealed from the judgment of the Letcher circuit court; but his involuntary absence when the verdict was returned was not relied on as a ground for reversal. The judgment was affirmed on November 27, 1925. Boreing v. Commonwealth, 211 Ky. 474, 277 S. W. 813 It is conceded by appellees that to receive the verdict in the absence of appellant was error, but they insist that it was such an error as should have been called to the court's attention on the appeal from the judgment of the Letcher circuit court, and, having failed to raise this point in his motion and grounds for a new trial and his bill of exceptions when appealing to this court, he waived any right to raise the question after the judgment has been affirmed.

This court has uniformly held that the involuntary absence of the accused at the time the verdict is returned, or at the time any other material step is taken during the trial, constitutes reversible error. Riddle v. Commonwealth, 216 Ky. 220, 287 S. W. 704: Kokas v. Commonwealth, 194 Ky. 44, 237 S. W. 1090; Allen v. Commonwealth, 86 Ky. 642, 6 S. W. 645, 9 Ky. Law Rep. 784; Temple v. Commonwealth, 14 Bush, 769, 29 Am. Rep. 442.

But in none of these cases was there an intimation that the judgment was void.

Section 11 of our Constitution provides in part:

> "In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

Section 183 of the Criminal Code reads:

> "If the indictment be for a felony, the defendant must be present, and shall remain in actual custody during the trial; unless his bail appear personally in court, and consent that he may remain on bail, in which case he shall be placed in actual custody when the case is finally submitted to the jury. If he escape from custody after the trial has commenced, the trial may either be stopped or progress to a verdict, at the discretion of the commonwealth's attorney, but judgment shall not be rendered until the presence of the defendant is obtained."

And section 267 of the Criminal Code reads:

> "Upon a verdict being rendered, the jury may be polled, at the instance of either party, which consists of the clerk or judge asking each juror if it is his verdict, and if one answer in the negative the verdict cannot be received."

The right of one accused of crime to be present at the rendition of the verdict and at all other stages of the trial is universally recognized. The right is one guaranteed to him by the Constitution and statutes of all the states, so far as we are aware. But as to the effect of the absence of one accused of crime at any stage of his trial, the decisions of the various courts are not in harmony. Some courts hold that the involuntary absence of the accused during any material stage of the trial renders the judgment void, while others hold that the judgment is only voidable. This seems to depend upon whether or not the right is one that can be waived by the accused.

Some of the cases in which it is held that the right of the accused to be present at all stages of his trial can-

not be waived by him are: State v. Reed, 65 Mont. 51, 210 P. 756; State v. Vanella, 40 Mont. 326, 106 P. 364, 20 Ann. Cas. 398; Noell v. Commonwealth, 135 Va. 600, 115 S. E. 679, 30 A. L. R. 1345; State v. McCausland, 82 W. Va. 525, 96 S. E. 938; Emery v. State, 57 Tex. Cr. 423, 123 S. W. 133, 136 Am. St. Rep. 988.

Some of the cases in which it is held that the right of the accused to be present at the rendition of the verdict and at other stages of the trial may be waived by him are: Clemens v. State, 176 Wis. 289, 185 N. W. 209, 21 A. L. R. 1490; State v. Way, 76 Kan. 928, 93 P. 159, 14 L. R. A. (N. S.) 603; Davidson v. State, 108 Ark. 191, 158 S. W. 1103, Ann. Cas. 1915B, 436; State v. Simon, 101 N. J. Law, 11, 127 A. 570; Blagg v. State (Okl. Cr. App.) 254 P. 506; State v. Thompson (N. D.) 219 N. W. 218; Frank v. State, 142 Ga. 741, 83 S. E. 645, L. R. A. 1915D, 817; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Commonwealth v. McCarthy, 163 Mass. 458, 40 N. E. 766; Sahlinger v. People, 102 Ill. 241.

In Clemens v. State, supra, both the accused and his counsel were voluntarily absent at the rendition of the verdict, and it was held that their right to be present at the time of the reception of the verdict and the right to poll the jury had been waived. In State v. Way, supra, it was held that the right of the accused to be present when a verdict is rendered secured to him by the statutory provision that "no person indicted or informed against for a felony . . . can be tried unless he be personally present during the trial," is one that may be waived. In Davidson v. State, supra, the accused was convicted of murder in the first degree and was voluntarily absent at the rendition of the verdict. In construing the statute which provided that the defendant "must be present during the trial," the court said:

"The list of authorities cited by counsel for appellant discloses decisions to the effect that in capital cases the accused cannot waive his presence when the verdict is received or at any other substantive step in his trial; and there are a few decisions to the effect that, even in felony cases other than capital, the accused cannot waive his presence at any step in the progress of the trial.

"It may be said here, however, without further discussion, that according to the great weight of

authority, in felony cases other than capital, the accused may waive his presence."

In commenting on the case of Sherrod v. State, 93 Miss. 774, 47 So. 554, 20 L. R. A. (N. S.) 509, and Hopt v. Utah, 110 U. S. 574, 4. S. Ct. 202, 28 L. Ed. 262, the court further said:

"It will be thus seen that that court based its conclusions on the ground that the accused could not waive his presence for two reasons, one, that the power of the court to act depended upon the presence of the accused, and, next that the public interest in the result of the trial deprived him of the power to give his consent to his absence.

"These grounds are, we think, far from tenable, and neither of the cases quoted from above appeals to us as stating sound conclusions; nor are the conclusions reached there in accordance with the decisions of this court.

"The power of the court to proceed does not depend upon the personal presence of the accused. Only his right to be present is guaranteed by the Constitution and laws of this State. Any other construction of the constitutional provision would render invalid the statute which provides that, if the accused escape from custody after the trial has commenced, or, if on bail, the accused shall absent himself, the trial may progress to a verdict, notwithstanding his absence.

"This court has declared that statute to be a valid one. Gore v. State, 52 Ark. 285, 12 S. W. 564, 5 L. R. A. 832.

"The fact that the statute permits the accused, by his voluntary absence, to waive his presence at the trial demonstrates that the power of the court to act does not depend upon the presence of the accused; and that it is only where steps are taken in the absence of the latter without his consent that his rights are violated."

In Frank v. State, supra, it was held that while the defendant who is indicted for a criminal offense has the undoubted right to be present at every stage of his trial, he may waive his presence at the reception of the verdict. In Frank v. Mangum, supra, the Supreme Court of the United States held that there was no denial of the

due process of law guaranteed by the United States
Constitution in the practice established in the criminal
courts of Georgia that the accused may waive his right
to be present when the jury returns its verdict, and that
such waiver may be given after as well as before the
event and is to be inferred from a failure to rely upon
the error as a ground for a new trial.

In Blagg v. State, supra, it was held that the right
of the accused to be confronted by the witnesses against
him, secured by a constitutional provision, was a per-
sonal right and could be waived. The following was
quoted from the opinion in Starr v. State, 5 Okl. Cr. 440,
115 P. 356:

"The provision of the Bill of Rights that the
accused shall have the right to be confronted with
the witnesses against him is merely declaratory of
the common-law rule requiring an opportunity of
cross-examination. Generally speaking, the con-
stitutional provisions guaranteeing to every accused
person in a criminal action certain rights may be
separated into two classes: First, those in which the
public generally, and as a community, is interested,
as well as the accused, and which are jurisdictional
as affecting the power of the court to try the cause;
second, those more in the nature of privileges which
are for the benefit of the accused alone, and do not
affect the general public. The former cannot be
waived. Jurisdiction to try the cause is conferred
by the law. Consent cannot confer jurisdiction, but
the accused may waive a constitutional right or
privilege designed for his protection, where no
question of public policy is involved. The public as
well as the accused have an interest in every crimi-
nal trial. The life and liberty of the citizen is a
matter of supreme importance to the state, and it
should not allow him to throw either away by a
failure, intentional or otherwise, to take advantage
of his constitutional safeguards. It will not do,
however, to say that because the state has a peculiar
interest in protecting the citizen accused of crime
to the extent of his constitutional rights that he
shall in no case be allowed to waive them, for in
some cases it may be to his interest to waive them,
and the denial of the right to do so would defeat the
very object in view when the rights were given, and

cause them to operate to the injury rather than to the benefit of the accused."

Appellees rely on the case of State v. Hughes, 2 Ala. 102, 36 Am. Dec. 411, in which it was held that, inasmuch as the prisoner would not be entitled to his discharge if he had been present and refused the right to poll the jury, he could not claim the right to be discharged by reason of his being deprived of that privilege by the verdict being rendered in his absence.

The Hughes case, however, was in effect overruled by the later cases of Cook v. State, 60 Ala. 39, 31 Am. Rep. 31; Hayes v. State, 107 Ala. 1, 18 So. 172, and Harris v. State, 153 Ala. 19, 49 So. 458. In the Harris case it was held that the verdict having been received in the absence of the prisoner and the jury having been discharged before he had an opportunity to poll it, he was entitled to discharge on the ground of former jeopardy.

In Holton v. State, 2 Fla. 500; Gladden v. State, 12 Fla. 562; Morey v. State, 72 Fla. 45, 72 So. 490, the Supreme Court of Florida held that a person charged with the commission of a capital offense could not waive his right to be present at every stage of the trial, but this rule seems to have been modified in the later case of Lowman v. State, 80 Fla. 18, 85 So. 166. In construing a section of the Florida Constitution very similar to section 11 of our Constitution, the court said:

"The Constitution secures to a defendant a right to 'an impartial trial' and 'to meet the witnesses against him face to face,' but it does not expressly require a defendant to be present during the entire time of the trial. A rule of procedure enforced by the courts has required the personal presence of the defendant during the whole period of the trial as stated in the Holton and Morey cases supra."

Further along, in the opinion, referring to a statute which provides "no person prosecuted for a felony shall be tried unless personally present during the trial," it is said:

"The statute above quoted to the effect (that) no person charged with a felony shall be tried unless personally present during the trial, is for the bene-

fit of the defendant, and the right so given may be waived.''

In Sherrod v. State, supra, relied on by appellant, the Supreme Court of Mississippi held that in the trial of a felony not capital the defendant may waive his right to be present at the rendition of the verdict, the court saying:

> "He may waive the right to be present when the verdict is received, which is not, as seems popularly supposed, a constitutional right, though a very sacred right, secured by the common law as well as by statute.''

But the court further held that if the charge is a capital one the defendant cannot waive his right to be present. However, in Thomas v. State, 117 Miss. 532, 78 So. 147, Ann. Cas. 1918E, 371, the defendant was convicted on a charge of murder. He was absent during the stage of the trial when the jury was being impaneled and it was urged that the proceedings in his absence amounted to a denial of his right to be present at his trial, a right guaranteed by section 26 of the Mississippi Constitution which is very similar to section 11 of our Constitution. In construing a statutory provision, that ''in criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto,'' it was held that the constitutional right of a prisoner charged with a felony to be present at every stage of his trial is not infringed by a statute which permits him to waive that right. While not expressly overruling the Sherrod case, the court said:

> "We are not prepared to say that this opinion is in such conflict with the Watkins, Warfield, and Sherrod cases, supra, as to necessitate overruling those cases. However, the rule announced here is the law.''

In State v. Gorman, 113 Minn. 401, 129 N. W. 589, 32 L. R. A. (N. S.) 306, the defendant was on trial for a felony and the verdict was received in his absence. A Minnesota statute provides that a defendant in a felony case shall be personally present during the trial. The court held that the reception of the verdict in such a case

is a material part of the trial to the defendant, since he is entitled on request to have the jury polled, but rejected the contention that the judgment in that case was void because the defendant was voluntarily absent when the verdict was received. The court said:

> "Many of the cases cited in support of the defendant's contention belong to the class which hold, and rightly so, that where the accused is in custody, and is not present when the verdict is received, it is reversible error. There are, however, a few cases, comparatively, which hold that it is immaterial whether the absence of the accused is voluntary or otherwise, and that a verdict cannot be received in his absence under any circumstances. We cannot follow these exceptional cases, for they are unsound in principle, and an apotheosis of technicality."

Thus it will be seen that there is a conflict among the authorities as to whether one accused of crime can waive his right to be present at any stage of the trial, but the great weight of authority is to the effect that the right of the accused to be present at the reception of the verdict can be waived. If that right can be waived it necessarily follows that the reception of the verdict when the accused is involuntarily absent does not render subsequent proceedings void, but only constitutes reversible error which can be corrected on an appeal from the judgment. Some courts make a distinction between felonies that are capital and other felonies, apparently upon the theory that the public is interested in preserving the life of one innocent of crime, but we are unable to perceive a sound reason for such distinction. While it is the duty of trial courts to carefully guard the rights of one accused of capital crime, it is likewise their duty to guard the rights of one accused of any other felony and to see that he is not wrongfully deprived of his liberty.

Section 11 of our Constitution does not make it necessary under all circumstances for the accused to be present at every stage of the trial. All that it does is to guarantee his right to be present if he so desires. This court has held in a number of cases that the privileges guaranteed by this section are personal to the accused and may be waived.

In Collier v. Commonwealth, 110 Ky. 516, 62 S. W. 4, 22 Ky. Law Rep. 1929, it was held that section 183, Criminal Code, which provides that if the indictment be for a felony the defendant must be present and shall remain in actual custody during the trial, but if he escape from custody after the trial has commenced the trial may either be stopped or progress to a verdict at the discretion of the commonwealth's attorney, is valid, and that the defendant was not deprived of the constitutional privilege of being confronted "face to face" with his witnesses, where he escaped and the commonwealth proceeded with the trial in his absence until a verdict of the jury was rendered. Also, see Smith v. Com., 12 Ky. op. 682.

In Bonar v. Commonwealth, 180 Ky. 338, 202 S. W. 676, the defendant under indictment for murder consented that the same jury that had just tried and convicted a codefendant might try him on the same facts brought out on the trial of his codefendant without introducing the witnesses. Bonar had not been present during the trial of his codefendant, and on the appeal he insisted that he could not waive his right to be confronted "face to face" with witnesses against him, and that he had been deprived of the benefit of his constitutional right to be present throughout his trial. His contention was disallowed, and it was held that he had waived his privilege of being confronted by his witnesses.

In Hite v. Commonwealth, 20 S. W. 217, 14 Ky. Law Rep. 308, it was held that the occasional absence from the court room of the accused on account of temporary illness for a few minutes at a time, the trial continuing in his absence, did not so prejudice his substantial rights as to compel a reversal of the judgment of conviction. In Meece v. Commonwealth, 78 Ky. 586, 1 Ky. Law Rep. 337, after the submission of the case the court added to an instruction by interlineation in the absence of the defendant, and it was held that while "the presence of the accused when instructions are given or modified is essential to the ends of justice," the judgment would not be reversed on account of the absence of the accused at the time the alteration in the instruction was made, since it did not appear that his substantial rights had been prejudiced.

The most substantial right of the accused in a felony case, incident to his constitutional privilege of being present when the verdict is returned, is the right to poll

the jury and to require each member of the jury when face to face with the accused to state whether or not the verdict is his verdict. But section 267, Criminal Code, makes the polling of the jury optional, and in construing this section in Asher v. Commonwealth, 221 Ky. 700, 299 S. W. 568, in response to the appellant's contention that failure to poll the jury was error, we said:

> "The record fails to show that he made any request for a poll of the jury, and as the Code only requires the jury to be polled 'at the instance of either party,' it follows that appellant by failing to make such a request waived his right to such a poll."

The constitutional and statutory right of one accused of crime to be present when the verdict is received was conferred for the benefit and protection of the accused, and is one of which he cannot be deprived without his consent, but no reason is perceived why he may not waive his right either before or after the event. In the instant case appellant by failing to make his involuntary absence at the rendition of the verdict a ground for a new trial in the lower court and a ground for a reversal of the judgment on appeal waived his right to be present and any error resulting from his enforced absence. The judgment of the Letcher circuit court being only erroneous and not void, it follows that the special demurrer to the petition filed in the Franklin circuit court was properly sustained.

Judgment affirmed.