## Harris v. Commonwealth.

(Decided Sept. 23, 1910.)

## Appeal from Pike Circuit Court.

Homicide—Seeking a Difficulty—Intention to Kill Deceased—Instructions Given.—On the trial of this case the court instructed the jury: . "If the jury believe and find from the evidence beyond a reasonable doubt that the defendant, armed with a deadly weapon, sought out the deceased for the purpose of engaging in a difficulty with him for the purpose of killing or injuring him, and, with the intention of bringing on a difficulty, used profane or insulting language to deceased, and did thereby bring on the difficulty in which deceased was killed, and willingly engaged in same up to the time he fired the fatal shot that took deceased's life, then defendant cannot justify on the ground of self-defense and apparent necessity, unless the jury should believe that the defendant had abandoned in good faith his intention to so bring on a difficulty for said purpose (if they believe he had such intention and did so) and withdrew in good faith from the conflict. * * *"   Held, that the instruction was proper.

J. S. CLINE and ROSCOE VANOVER for appellant.

JAMES BREATHITT, Attorney General and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR —Affirming.

On Christmas eve of 1909, appellant shot and killed Roy Powell, as they came from a Christmas tree entertainment held in the mining town of Hellier. Appellant, who was a single youth, offered his attentions to a young lady who, and whose brother, objected. She joined Powell and his lady companion as they walked away from the place of the entertainment. It was at night and very dark. Appellant when rebuffed in his social attempt by the young lady's brother, sought an explanation, which, upon being given, he apparently accepted as sufficient. Notwithstanding, he followed along after the other young people, and as he overtook them on the road indulged in certain profane and provoking language, for which he was upbraided by Powell. His reply evidenced his jealousy and pique, if it was not indeed a challenge to Powell. Powell dropped behind, letting the girls go ahead, and engaged in a conversation with the appellant. What his purpose was is a matter of conjecture, or infer-

ence, as is also that of appellant in seeking to again obtrude his company upon the party. In a moment after they were thus left alone, appellant shot Powell three times, once in the back, and as some of the evidence shows, while he was trying to get out of the way. Appellant's own testimony, and that of two or three eye witnesses who claim to have been immediately near when the shooting took place, was that just before the shooting Powell had his hand upon appellant's shoulder, or in his collar, and was talking to him in a threatening manner, appellant adding that he also made a threatening demonstration as if to draw a weapon. It was at this juncture that appellant did the fatal shooting. Powell was unarmed, at least there was not evidence that he was armed, though he was a larger man than appellant. Appellant's defense was that he was forced by necessity, or apparent necessity, to save himself from death or great bodily harm to kill Powell. Let it be granted that all the evidence of what occurred at the time and place of the shooting so shows. Then there is raised the propriety of instruction No. 6, which the trial court gave the jury, qualifying the self-defense instruction previously given in appropriate terms. Indeed the only error assigned for reversal is that of the qualification of the self-defense instruction.

Instruction No. 6 is as follows:

"If the jury should believe and find from the evidence beyond a reasonable doubt that the defendant armed with a deadly weapon sought out the deceased for the purpose of engaging in a difficulty with the deceased for the purpose of killing or injuring him, and with intention of bringing on the difficulty for the said purpose used profane or insulting language to the deceased and did thereby bring on the difficulty in which the deceased was killed, and that the defendant willingly entered into the conflict with said Powell, and willingly engaged in same up to the time he fired the fatal shot that took from him, deceased, his life (if they believe he did so) then and in that event the defendant could not justify on the grounds of self-defense and apparent necessity, unless the jury should believe that the defendant had abandoned in good faith his intention to so bring on a difficulty for said purpose (if they believe he had such intention and did so) and withdraw in good faith from the conflict (if they believe he entered into same willingly

with deceased) before he shot deceased (if they believe he did so).''

It is urged that the instruction violates the rule in this state prohibiting the trial court's laying undue stress upon particular facts in instructions.

We think the qualifying instruction should have been given. If appellant began the affray he clearly would not be entitled to the benefit of the law of self defense. But it is not enough that the jury should be told that in so many words. (Allen v. Com., 86 Ky. 642.) They should be told what would be such beginning or bringing on of the fight as to suspend the right of self-defense. A challenge, an assault, such a personal affront or insult as was reasonably calculated to provoke an assault from the other, are equally efficacious in bringing on the fight. Two men may so engage in a fight as that neither would be entitled to rely upon the law of self-defense to shield the slayer from the legal effect of his act.

Perhaps Powell ought not to have taken up the quarrel, or noticed the taunt, or essayed to protect the lady from the unwelcome presence of the deceased. Still, if the accused so taunted, insulted or bullied him as to cause him, acting as persons similarly situated very frequently do, to strike, or make a threatening demonstration, the accused can not then shelter from the storm he has purposely raised behind the protection of the law of self-defense, erected as it is for the benefit of those unlawfully set upon, and of the peaceful and the innocent.

The instruction set out only so much of the facts necessary to be established as was proper to set that feature of the law in motion. Some facts must be noticed in the instructions. It is only when they are unduly emphasized that it constitutes a vice in the practice.

Judgment affirmed.