## Martin v. Commonwealth.

(Decided February 24, 1925.)

### Appeal from Christian Circuit Court.

1. Homicide—Self-Defense Held Question for Jury in Prosecution for Malicious Shooting.—In prosecution for malicious shooting, in which defendant admitted having struck prosecuting witness after prosecuting witness had called him a vile name, but claimed that he shot in self-defense, while retreating with purpose of abandoning difficulty and after prosecuting witness had shot at him, question of self-defense held for jury.

2. Homicide—Defendant Not Deprived of Right of Self-Defense Unless he Brought on Difficulty with Felonious Intent.—Mere fact that defendant charged with malicious prosecution brought on difficulty did not deprive him of right of self-defense, unless he brought on difficulty by first assaulting prosecuting witness with felonious intent to make the occasion an opportunity for killing him or doing him great bodily harm.

3. Homicide—Submission of Whether Defendant in Good Faith Abandoned Difficulty Held Required.—In prosecution for malicious shooting, in which defendant admitted having first struck the

prosecuting witness, but claimed that he was retreating with purpose of abandoning difficulty when prosecuting witness fired, instruction denying right of self-defense if he brought on the difficulty, should have been qualified by submitting the question whether defendant in good faith abandoned difficulty.

4. Homicide—Charge of Malicious Shooting Without Wounding Supported by Proof of Malicious Shooting with Wounding.—Defendant could be convicted under indictment charging malicious shooting without wounding on proof that prosecuting witness was wounded in view of Ky. Stats., section 1166.

ALVIN H. SCHUTZ for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On a trial for malicious shooting without wounding appellant was convicted and his punishment fixed at two years' imprisonment.

It appears that both appellant and Joe Winters had been deputized by the sheriff of Christian county to assist in the apprehension of persons who had violated the liquor law, but at the time of the difficulty neither was acting in an official capacity. On the contrary, Winters had started for his home when he was accosted by appellant. After some conversation, appellant struck Winters on the head with his fist, or open hand, and knocked his hat off. While the majority of the witnesses say that Winters then drew his pistol and fired two, and probably three, shots before appellant fired, Winters claims that he fired because appellant was endeavoring to draw his pistol. Appellant was wounded twice and Winters once, though the latter claims that a shot fired by a third party entered the same hole made by the shot from appellant's pistol. Appellant's story is to the effect that Winters called him a vile name and he then struck Winters with his open hand. Appellant immediately began retreating with the purpose of abandoning the difficulty. Two of Winters' shots took effect, and while retreating he emptied his pistol at Winters. There was further evidence that just before the difficulty appellant was heard to threaten Winters.

In view of the prior threat and appellant's action at the time, viewed in the light of the testimony for the Commonwealth, we think the question of appellant's guilt was for the jury.

The court added the following qualification to the instruction on self-defense:

"However, if you should believe from the evidence beyond a reasonable doubt that the said Martin brought on the difficulty himself, and was the aggressor, and but for which the difficulty between them would not have occurred, then you would not have a right to excuse the defendant upon the ground of self-defense, or apparent necessity."

In a long line of decisions we have held that an instruction denying the right of self-defense, if the defendant "brought on the difficulty," without describing the manner or means by which it was brought on, is erroneous. Burnett v. Commonwealth, 172 Ky. 397, 189 S. W. 460; Harris v. Commonwealth, 140 Ky. 41, 130 S. W. 801. Furthermore, as was pointed out in the case of Hoskins v. Commonwealth, 35 S. W. 284, appellant should not have been deprived of the plea of self-defense unless the jury believed from the evidence beyond a reasonable doubt that he brought on the difficulty by first assaulting Winters with the felonious intent to make the occasion an opportunity for killing him, or doing him great bodily harm. In view of appellant's evidence, and that of other witnesses, we conclude the instruction qualifying the plea of self-defense itself should have been qualified by a clause submitting the question, whether or not appellant, after bringing on the difficulty as therein defined, in good faith abandoned the difficulty, etc.

The further point is made that appellant was indicted for one offense and convicted of a separate and distinct offense. The basis of this position is, that the indictment charged a malicious shooting without wounding, whereas the Commonwealth not only proved a case of malicious shooting with wounding, but the court told the jury to convict appellant if they believed from the evidence to the exclusion of a reasonable doubt that he wilfully and maliciously shot at Winters, with or without wounding him, with the felonious intent to take his life. The statute makes it an offense wilfully and maliciously to shoot at another, with wounding or without wounding, with intent to kill him, and whether the person shot at is wounded or not the punishment is the same. Section 1166, Kentucky Statutes. Therefore, if the other elements are present, the offense is complete, and the result of the shooting is wholly immaterial unless death should

follow. Whether proof of a shooting without wounding would support an indictment for shooting with wounding, it is unnecessary to decide. Clearly, a charge of malicious shooting without wounding is supported by proof of a shooting with wounding, and neither the fact that an unnecessary element was proved, nor an instruction authorizing a conviction whether the person shot at was wounded or not, can be regarded as prejudicial.

Judgment reversed and cause remanded for a new trial consistent with this opinion.