## Lewis v. Commonwealth.

(Decided January 30, 1931.)

WAUGH & HOWERTON and C. H. BRUCE for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Affirming.

The appellant killed Chester Barber by stabbing him with an ordinary pocketknife. He was indicted for murder and convicted of manslaughter, and his punishment fixed at twenty-one years' confinement in the penitentiary. Appellant and Barber had been good friends. They had been together on the day of the killing, had been drinking together, and a part of the time they were associated with Gus Lewis and Tom Shover. While they were driving about, Barber procured two ducks and invited the crowd, including appellant, to go home with him and eat duck and drink home brew. Mrs. Barber and her sister, with another person, Helen Lewis, who boarded with Mrs. Barber, were present, and they were not pleased with the drunken crowd, so they ordered Shover and Millard Lewis to leave their home. As a result of the language addressed to the women by Shover and Millard Lewis, Barber became angered, and he and Lewis became involved in a fight. It is unnecessary to more than state the general divergence of the testimony

given by the witnesses for the commonwealth and that given by the witnesses for appellant. The commonwealth's witnesses say that appellant and Barber engaged in a fight, or a scuffle, in the yard, and were on the ground pommeling each other until Barber arose and walked away some ten or twelve feet. Appellant arose from the ground, drew his knife, and started towards Barber, when two of the women attempted to detain him. He broke away from them and walked over to Barber and struck him with the knife. Barber seized him and threw him on the ground and immediately expired as the result of the wound in his heart made by the knife.

The witnesses for appellant make no mention of a cessation in the fighting after it was commenced. They state that Barber, who was a large athletic man, and who weighed about 185 pounds, had appellant on the ground and was holding him by the hair of his head and "churning" his head up and down when appellant used his knife to defend himself. Appellant was a small man weighing about 135 pounds. Appellant, by his own testimony, showed that he acted in self-defense, but the commonwealth, by its testimony, showed that Barber had withdrawn from the difficulty and had stepped to one side when he was again attacked by appellant and killed.

Counsel for appellant have raised all questions that may be urged in behalf of their client. They complain at the conduct of the trial court, in that he interrogated witnesses in an effort to bring out unfavorable facts to appellant. It is suggested that the trial court was willing to help the commonwealth's attorney, but did not offer any help to appellant in the examination of witnesses. It may have been that the court thought the appellant was succeeding in presenting the facts to the jury when he doubted whether the commonwealth's attorney was getting all of the facts out of his witnesses. It cannot be disputed that the trial judge has the authority to examine witnesses for the purpose of eliciting material facts. We find nothing in the record which would indicate that the trial judge did anything which was calculated to prejudice the substantial rights of appellant.

It is insisted that the court admitted incompetent evidence over the objection of appellant. Counsel for appellant admit that such evidence was meager. The evidence related to the conduct of Tom Shover, who was

one of the parties present, and it was a part of the whole transaction leading up to the fatal difficulty. We conclude that the evidence was competent. Winstead v. Com., 195 Ky. 484, 243 S. W. 40; Combs v. Com., 196 Ky 804, 246 S. W. 132.

The instructions are criticised, not because they did not present all of the law of the case, but because they presented all the law with additions. It is admitted that instructions 1, 2, and 3 are correct, and it is substantially admitted that instruction No. 4 is correct, but it is insisted that, when instruction No. 4 is considered in connection with instruction No. 5, the two become erroneous. Instruction No. 3 is the self-defense instruction in the ordinary form, while instruction No. 4 modifies the self-defense instruction to the extent that, although the jury might believe that appellant acted in self-defense at the time, yet, if it further believed from the evidence beyond a reasonable doubt that, at a time when the appellant did not believe and have reasonable grounds to believe that he was in real or apparent danger of death or other great bodily harm at the hands of Barber, he willfully and feloniously brought on the difficulty in question by drawing a knife on deceased or making a demonstration to cut him with it, or by cutting the wife of Barber, appellant could not be excused on the ground of self-defense. There is no basis for an argument that this instruction was prejudicial. If the appellant brought on the difficulty in the manner pointed out by the court in that instruction, he was denied the right of self-defense, and, if the jury should believe beyond a reasonable doubt from the evidence that the difficulty was so brought on, appellant has no ground to contend that he was entitled to be acquitted on his plea of self-defense. Instruction No. 5 told the jury, in effect, that, although it might believe that Barber brought on the difficulty by assaulting and beating him with his hands or fist, yet, if the jury should further believe from the evidence beyond a reasonable doubt that Barber in good faith thereafter abandoned the difficulty and withdrew therefrom, and that appellant thereafter, and at a time when Barber was not engaged in the combat or attempting to hurt or harm appellant, and when he was in no danger of death or any great bodily harm at the hands of Barber, and did not have reasonable grounds to apprehend any such danger

at his hands, he then willfully cut and killed Barber, that he could not be acquitted on the ground of self-defense. That is a fair statement of the law. Although there may have been a fight and Barber may have been the aggressor, yet if he, in good faith, withdrew from it in such a manner that appellant had no reason to believe that he was in danger of death or great bodily harm at the time he struck Barber with the knife, he was without the right to rely on a plea of self-defense if he became the aggressor and renewed the difficulty and thereby killed Barber.

The last ground urged is that the court prepared typewritten blank verdicts for the jury to fill in in accordance with its findings. We fail to see anything improper, or erroneous, in the conduct of the court in so doing. That practice should be commended rather than condemned. It is not claimed that the blank verdicts which were prepared were in improper form, and an examination of them as they appear in the record does not disclose any impropriety in them.

Judgment affirmed.