## McCarty v. Commonwealth.

(Decided June 7, 1932.)

414

VINSON & MILLER for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Buell McCarty complains of a conviction for manslaughter. His chief criticism of the trial is that the instruction on self-defense was modified so as to deprive him of that right if he brought on the fatal difficulty by addressing insulting language to the man who was slain with the intent to insult him and to provoke a difficulty. The objection is not to the form of the instruction, but goes to the basic contention that the facts proven were insufficient to justify any restriction on the right of self-defense.

A brief statement of the facts will suffice. James Shepherd, who was the man killed by McCarty, in company with a cousin, were passing the home of James Blanton after dark. Blanton McCarty and some other persons were on the front porch of Blanton's home. Greetings were exchanged in a jocular spirit as the men passed. Shepherd called to the persons on the porch to

give him a drink out of the jug. McCarty responded that they had no jug, and added, "What will I put it in, a half-pint?" Shepherd then asked if that was all they had, and McCarty replied that he would have had more if a rogue had not stolen it. Some of the witnesses testified that a vulgar and opprobrious epithet was used to characterize the rogue referred to by McCarty.

Shepherd and his companion proceeded on their way and apparently took no offense at the remark. A short time after the occurrence narrated the appellant and young Literal started for their homes on the same road and in the same direction that Shepherd and his companion had taken. Shepherd and his associate had stopped by the roadside and were overtaken by McCarty and Literal. The four proceeded along the road together. Shortly after this casual meeting, Shepherd asked appellant what he meant by his remark as they passed Blanton's home. Appellant replied that he meant what he said. Shortly after this verbal exchange Literal left the road to go to his intended destination and the other men continued together on the main road. Just before the forks of the road was reached, Shepherd again adverted to the subject of dispute, the argument was pursued, and finally a fight ensued. In the fight, Shepherd was fatally cut by McCarty.

It is undisputed abstract law that the aggressor in a fight cannot claim self-defense. Com. v. Hourigan, 89 Ky. 306, 12 S. W. 550, 11 Ky. Law Rep. 509; Johnson v. Com., 94 Ky. 578, 23 S. W. 507, 15 Ky. Law Rep. 281; Hawley v. Com., 191 Ky. 380, 230 S. W. 296.

If the accused, by his own wrongful acts toward the deceased, makes a danger to himself necessary or excusable upon the part of the deceased, he is not entitled to rely upon self-defense. One cannot make a threatening demonstration and then shelter from the storm he has purposely raised beneath the shield of self-defense. Harris v. Com., 140 Ky. 41, 130 S. W. 801.

If an accused by acts or words brings on a difficulty with the intent to kill or to injure seriously his adversary, on the immediate occasion of the killing, he may be deprived of his right to rely upon self-defense. Johnson v. Com., 94 Ky. 578, 23 S. W. 507, 15 Ky. Law Rep. 281; Hall v. Com., 207 Ky. 794, 270 S. W. 35; Com. v. Ashcraft, 224 Ky. 203, 5 S. W. (2d) 1067.

A challenge to a mortal combat, an assault, or a personal affront of such serious character as to be reasonably calculated to provoke and to precipitate a dangerous assault from another, are generally deemed sufficient to authorize a jury to deny the ordinary right of self-defense. Harris v. Com., 140 Ky. 41, 130 S. W. 801; Jones v. Com., 186 Ky. 283, 216 S. W. 607.

But the offensive and provoking words must be spoken at such time and under such circumstances as to lead a reasonable mind to the conclusion that they constituted a bringing on of the difficulty with intent to kill or injure seriously the other party. Trivial words or slight provocation, not reasonably calculated and probably not designed to bring about an immediate fatal encounter, have never been deemed sufficient to deprive a defendant of his right of self-defense. Bennyfield v. Com., 17 S. W. 271, 12 Ky. Law Rep. 446; Allen v. Com., 86 Ky. 642, 6 S. W. 645, 9 Ky. Law Rep. 784; Shrout v. Com., 170 Ky. 796, 186 S. W. 885; Estepp v. Com., 185 Ky. 156, 214 S. W. 891; Jones v. Com., 186 Ky 283, 216 S. W. 607; Jamerson v. Com., 222 Ky. 70, 299 S. W. 1093.

Here the words spoken at the home of Blanton, whether in jest or not, did not bring on an immediate difficulty. The casual meeting of the parties later, and the arguments that came up, could not be charged solely to McCarty. Indeed, the argument each time was opened by Shepherd who apparently desired to remove from the mind of McCarty the suspicion or belief that Shepherd had taken his whisky. The words that passed when the fight finally ensued do not measure up to all the requirements of the rule that deprives a defendant of his right to defend himself. The court, therefore, is constrained to the conclusion that the trial court committed an error in restricting the right of McCarty to defend himself on the occasion in question.

The only other complaint refers to the admission in rebuttal of evidence proper to be adduced in chief, which will not likely occur on another trial, and the propriety of which requires neither discussion nor determination at this time.

The judgment is reversed for a new trial not inconsistent with this opinion.