## Elschide v. Commonwealth.

Dec. 5, 1939.

C. A. Denny for appellant.

Hubert Meredith, Attorney General, and J. M. Campbell, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

William (alias Wig) Elschide has been convicted of murder and sentenced to imprisonment for life. He is appealing.

It is conceded in brief on behalf of counsel that there was sufficient evidence to support the verdict notwithstanding much evidence to the contrary which tended to show that appellant acted in self-defense.

The only ground urged for reversal is that the court erred in qualifying the self-defense instruction. The first part of the instruction complained of is in the usual form and correctly submitted the issue of self-defense. The complaint, however, is of the qualifying portion of the instruction which in substance told the jury that they could not acquit appellant on the ground of self-defense or apparent necessity if he brought on the difficulty by assaulting and striking deceased with an iron poker. Counsel for appellant does not contend that a self-defense instruction should not be so qualified if there is evidence to warrant, but insists that in the proven circumstances such qualification was improper and erroneous.

Without entering into unnecessary detail the pertinent evidence is to the effect that appellant killed Jesse Roberts by striking him three or four times with an iron poker. The homicide occurred at the home of Melvin Greenwood. Deceased was sitting in a chair before a grate in one room and appellant had gone to another room where he sat down to the supper table with the Greenwood family. Kenneth Wilcox, J. W. Kennedy and Arlis Miller, three youths were in the room with deceased. According to their evidence, appellant came into the room where they were, picked up an iron poker and began striking deceased who was still sitting in the chair. So far as they observed deceased had no weapon and made no demonstration toward appellant. There is

evidence that deceased stated in the afternoon he was going to kill appellant and that this had been communicated to appellant. Appellant testified that deceased came into the room where he was sitting at the table, patted him on the back and told him he wanted to see him; that when he walked into the room where the homicide occurred deceased applied an opprobious epithet to him and advanced upon him with an open knife. He is corroborated in some details by others.

In McCarty v. Commonwealth, 244 Ky. 413, 51 S. W. (2d) 249, 250, it is said:

"It is undisputed abstract law that the aggressor in a fight cannot claim self-defense. [Citing authorities.] * * * If an accused by acts or words brings on a difficulty with the intent to kill or to injure seriously his adversary, on the immediate occasion of the killing, he may be deprived of his right to rely upon self-defense. [Citing authorities.]" See also Curtis v. Commonwealth, 237 Ky. 215, 35 S. W. (2d) 331. Lewis v. Commonwealth, 237 Ky. 786, 36 S. W. (2d) 639, and authorities cited in those opinions.

In the light of the authorities cited and in the proven circumstances it is manifest that the instructions as given were proper and appellant's substantial rights were not prejudiced thereby.

Judgment affirmed.